﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190520-12476
DATE: June 16, 2020

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty from December 1974 to December 1976.

This matter comes before the Board of Veteran’s Appeals (Board) from a May 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran filed a VA Form 10182 Notice of Disagreement (NOD) to the Board in May 2019 electing the direct review lane as established under the Appeals Modernization Act (AMA). 

1. Entitlement to service connection for bilateral hearing loss is remanded.

2. Entitlement to service connection for tinnitus is remanded.

The Veteran contends that his hearing loss and tinnitus had their onset during service or are otherwise related to his service. See Veteran’s Application for Compensation of January 2019 and Supplemental Claim of April 2019.

VA administered a Hearing Loss and Tinnitus Disability Benefits Questionnaire (Hearing Loss DBQ) in March 2019 to the Veteran. The audiologist opined that the Veteran’s hearing loss was less likely than not related to his service. In support of his opinion, the audiologist explained the Veteran’s hearing was within normal limits bilaterally when he was discharged from service and that the Veteran reported post-service occupational noise exposure as he worked in an autobody from 1978 to 1999, in welding from 1999 to 2009 and as a forklift operator from 2009 until the present. The Veteran noted that he was required to use hearing protection in his civilian jobs. Additionally, the examiner opined that the Veteran’s tinnitus was as likely as not a symptom associated with the Veteran’s hearing loss because tinnitus is known to be a symptom associated with hearing loss. See Hearing Loss DBQ of March 2019.

When VA provides an examination, it must be an adequate one. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Inadequate examinations and opinions include those that provide insufficient supporting rationale or contain only data and conclusions. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). The Board finds this medical opinion to be inadequate for adjudication purposes as it lacks a complete rationale. The Board notes the audiologist did not emit an opinion as to whether the Veteran’s current hearing loss is etiologically related to service but only limited himself to providing data and conclusions. Additionally, the audiologist did not opine whether the Veteran’s tinnitus is etiologically related to his service but limited himself to opining that tinnitus is a symptom associated with hearing loss. 

Accordingly, the Board finds a remand is necessary to correct a duty to assist error prior to the May 2019 rating decision, as the agency of original jurisdiction (AOJ) failed to obtain an adequate opinion.

The matters are REMANDED for the following action:

1. Request an addendum opinion regarding the Veteran’s hearing loss and tinnitus. The claims file must be made available to the examiner, including a complete copy of this remand, in conjunction with the examination. All clinical findings must be reported in detail.

It should be noted that the Veteran is competent to attest to factual matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the statements made by the Veteran, the examiner must provide a fully reasoned explanation.

A complete rationale for all opinions expressed must be presented. If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e., no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e., additional facts are required, or the examiner does not have the needed knowledge or training).

 

 

KRISTI L. GUNN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Gonzalez-Maldonado

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.